Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MATTHEW F. KENNELLY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2758 | **DATE** | June 23, 2008 |
| **CASE TITLE** | Isaac Roach (#2007-0087930) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [5] is granted. This action is dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim. The Court orders the trust fund officer at Cook County Jail to deduct $ 17.66 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee and to make further deductions as stated below. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, Isaac Roach, an inmate at the Cook County Department of Corrections, brings this *pro se* complaint pursuant to 42 U.S.C. §1983. The Court finds that Plaintiff is unable to prepay the filing fee. The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $ 17.66 pursuant to 28 U.S.C. §1915(b)(1). The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to a state correctional facility.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Plaintiff alleges that on February 6, 2008, he found some fingernails in his food and reported it to a correctional officer. Plaintiff asked to see a "white shirt" (jail lingo for a lieutenant or other commanding officer), but the officer said that the white shirt would not do anything about it and then asked Plaintiff if he wanted a second food tray. Plaintiff said no and asked to see a nurse. The officer refused. Plaintiff filed a grievance on February 22, 2008. He was then sent to the dispensary, but the nurse told Plaintiff that it was too late to do anything and that he should have been sent to the dispensary at the time of the incident. Plaintiff still has the fingernails. Plaintiff seeks to be compensated for consuming food that jeopardized his health. He does not allege any physical symptoms resulting from consumption of the food.

A pretrial detainee (the status the Court assumes Plaintiff to have) is entitled to a healthy environment, including "'nutritionally adequate food that is prepared and served under conditions that do not present an immediate danger to the health and well-being of the inmates who consume it.'" *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1981)). However, the fact that the food occasionally contains foreign objects or is served cold, though unpleasant, does not amount to a constitutional deprivation. See *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985).

Plaintiff found some fingernails in his food. When he reported it, the officer on duty offered him another food tray. Plaintiff claims that his health was jeopardized, but he does not identify any symptoms that he suffered and does not claim that he became sick. The Court agrees that finding fingernails in one's food is disgusting; however, this does not rise to the level of a constitutional violation.

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is cautioned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).